UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORREY SELCK,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SACRAMENTO BOARD OF SUPERVISORS, TOMOKO WILLIAMS,<br><br>Defendants. | No. 2:19-cv-952-JAM-EFB PS<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Several motions are pending in this action, which are addressed herein[1]:

1. Defendants' motion to dismiss plaintiff's original complaint for lack of subject matter jurisdiction and failure to state a claim pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1) and Rule 12(b)(6) or, in the alternative, for a more definite statement pursuant to Rule 12(e) (ECF No. 7);

2. Plaintiff's motions for injunctive relief (ECF Nos. 9 & 18);

3. Plaintiff's motions to amend the complaint[2]; and

---

[1] This case, in which plaintiff is proceeding pro se, is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1).

[2] Before defendants moved to dismiss the original complaint, plaintiff amended his complaint as a matter of course pursuant to Rule 15(a). Since filing that first amended complaint, plaintiff has filed—without defendants' consent or leave of court—four additional amended

1

4. Plaintiff's motion to compel discovery (ECF No. 10).

For the following reasons, plaintiff's motion to compel discovery is denied. Further, it is recommended defendants' motion to dismiss be denied as moot, the first amended complaint be dismissed *sua sponte* for lack of subject matter jurisdiction, and plaintiff's motions be denied.

I. <u>Defendants' Motion to Dismiss</u>

Defendants' motion seeks dismissal of plaintiff's original complaint. ECF No. 7. However, more than two weeks before defendants filed their motion, plaintiff amended his complaint as a matter of course pursuant to Rule 15(a) by filing a first amended complaint. ECF No. 6. Because defendants' motion seeks dismissal of an inoperative complaint, the motion is moot and must be denied. *See Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) (An "amended complaint supersedes the original, the latter being treated thereafter as non-existent."); *Ramirez v. Silgan Containers*, 2007 WL 1241829, at *6 (Apr. 26, 2007) (granting motion to amend and denying motion to dismiss prior complaint as moot).

Nevertheless, as discussed below, the court's review of the current complaint and plaintiff's subsequent requests to amend reveals that this action must be dismissed *sua sponte* for lack of subject matter jurisdiction

II. <u>*Sua Sponte* Dismissal of First Amended Complaint</u>

Although defendants have not addressed plaintiff's first amended complaint, it is obvious from the face of the amended complaint that the court lacks subject matter jurisdiction over plaintiff's claims. Accordingly, *sua sponte* dismissal is appropriate. *See Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003) (court may dismiss claims *sua sponte* for lack of jurisdiction); *Cal. Diversified Promotions, Inc. v. Musick*, 505 F.2d 278, 280 (9th Cir. 1974) ("It has long been held that a judge can dismiss sua sponte for lack of jurisdiction.").

The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively. Federal question jurisdiction requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2) allege a "case or

---

complaints. ECF Nos. 11, 17, 21, 23. The court construes these amended complaints as motions for leave to amend the complaint.

2

controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or (3) be authorized by a federal statute that both regulates a specific subject matter and confers federal jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962). To invoke the court's diversity jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the matter in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987). A case presumably lies outside the jurisdiction of the federal courts unless demonstrated otherwise. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 376-78. Lack of subject matter jurisdiction may be raised at any time by either party or by the court. *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

The crux of the first amended complaint is that a Sacramento County conservator appointed for plaintiff's mother allegedly failed to properly manage the mother's assets and ensure that she receives adequate medical care. Plaintiff alleges that the conservator has downplayed the extent of his mother's medical condition and the abuses she was subjected to. ECF No. 6 at 1. He claims that the conservator has concealed information from medical staff and "imposed supplemental diagnosis from private sources using the color of the law to commit [plaintiff's] mother into a mental facility." *Id*. He further alleges that the conservator permitted his mother to receive harmful doses of psychotropic medication and has "dissuaded social services from intervening to protection [his] mother's patient rights." *Id*. at 1, 3. Plaintiff also claims that the conservator failed to tend to his mother's financial affairs, including paying her property taxes. *Id*. at 2. The conservator also allegedly failed to obtain all available retirement benefits, which could have been used to place plaintiff's mother in "a senior care apartment in a luxury facility." *Id*.

The first amended complaint purports to allege state law claims for negligence, fraud, and medical battery. *Id*. at 1-3. With respect to relief, plaintiff requests, among other things, that defendant Sacramento County of Board of Supervisors be ordered to reinstate his mother's medical benefits, that no further psychotropic medication be administered, a nursing care plan be
/////

3

provided, and defendant Tomoko Williams "submit a sworn statement describing her visits into our household and the context of her prolonged conversations with [plaintiff's] mother." *Id*. at 4.

Although the first amended complaint attempts to assert only state law claims, it does not demonstrate that the parties' citizenship is diverse, thereby failing to establish diversity jurisdiction over those claims. *See Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987) (plaintiff must specifically allege the diverse citizenship of all parties to invoke diversity jurisdiction). According to the complaint, plaintiff resides in Sacramento, California, ECF No. 7 at 1, and both the plaintiff and defendant Williams are citizens of California. ECF No. 1 at 3. Defendant County of Sacramento is also a California citizen for purposes of diversity jurisdiction. *See Moor v. Alameda County*, 411 U.S. 693, 718 (1973) ("[F]or purposes of diversity of citizenship, political subdivisions are citizens of their respective States."). Accordingly, there is no diversity of citizenship.

Moreover, the amended complaint fails to demonstrate plaintiff has standing to assert his claims against defendants or any other entity or individual. Standing is an element of subject matter jurisdiction. *Warren v. Fox Family Worldwide*, Inc., 328 F.3d 1136, 1140 (9th Cir. 2003). The requirement that a party have "standing" to bring an action is part of the case-or-controversy provision of Article III of the Constitution. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). To have standing three elements must be satisfied:

> First, the plaintiff must have suffered an injury in fact-an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of-the injury has to be fairly . . . trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] independent action of some third party not before the court. Third it must be likely as opposed to merely speculative that the injury will be redressed by a favorable decision.

*Id*. at 560-61 (internal citations and quotation marks omitted).

The first amended complaint is devoid of any allegations that plaintiff suffered any injury, much less one that is fairly traceable to defendants' actions. Instead, the allegations only concern

/////

/////

4

decisions made by the county conservator regarding the medical treatment provided to plaintiff's mother and her financial affairs.[3]

Accordingly, the first amended complaint must be dismissed for lack of subject matter jurisdiction. The dismissal should be without leave to amend. *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (while the court ordinarily would permit a pro se plaintiff to amend, leave to amend should not be granted where it appears amendment would be futile); *California Architectural Bldg. Prod. v. Franciscan Ceramics*, 818 F.2d 1466, 1472 (9th Cir. 1988) ("Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility."). As discussed further below, plaintiff's several attempts at amending the complaint demonstrate that he cannot cure the jurisdictional defects as to his claims.

III.     Plaintiff's Motions to Amend the Complaint

After plaintiff filed his first amended complaint, he filed four additional complaints, ECF Nos. 11, 17, 21, 23, which are construed as motions to amend. Those motions must be denied.

Plaintiff had already amended his complaint as a matter of course and thereafter he may only amend with defendants' consent or leave of court. *See* Fed. R. Civ. P. 15(a). Rule 15(a)(2) provides that "[t]he court should freely give leave when justice so requires," and the U.S. Court of Appeals for the Ninth Circuit has directed courts to apply this policy with "extreme liberality." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). When determining whether to grant leave to amend under Rule 15(a)(2), a court should consider the following factors: (1) undue delay, (2) bad faith, (3) futility of amendment, and (4) prejudice to the opposing party. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Granting or denying leave to amend rests in the sound discretion of the trial court and will be reversed only for abuse of discretion. *Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 343 (9th Cir. 1996).

/////

---

[3] To the extent plaintiff seeks to assert claims on behalf of his mother, plaintiff is not an attorney and therefore is not permitted to represent the interest of his mother. *See Johns v. County of San Diego*, 114 F.3d 874, 876 877 (9th Cir. 1997) (a non-lawyer has no authority to appear as an attorney for another, and general power of attorney does not give non-lawyer right to assert the personal constitutional claims of another).

The allegations in the proposed second, third, fourth, and fifth amended complaints are limited to the medical treatment provided to plaintiff's mother and the management of her assets. *See* ECF Nos. 11, 17, 21, 23. Like the first amended complaint, these complaints fail to allege that plaintiff sustained an injury traceable to defendants or any other individual or entity. Consequently, these complaints also fail to establish that plaintiff has standing. Accordingly, granting plaintiff leave to amend would be futile, and his motion to amend must be denied.[4] *See Noll*, 809 F.2d at 1448.

IV. Conclusion

Accordingly, it is hereby ORDERED that plaintiff's motion to compel discovery (ECF No. 10) is denied as moot.

Further, it is hereby RECOMMENDED that:

1. Defendants' motion to dismiss plaintiff's original complaint (ECF No. 7) be denied as moot;

2. Plaintiff's first amended complaint (ECF No. 6) be *sua sponte* dismissed for lack of subject matter jurisdiction;

3. Plaintiff's motions to amend his complaint (ECF Nos. 11, 17, 21, 23) be denied;

4. Plaintiff's motions for injunctive relief (ECF Nos. 9 & 18) be denied as moot; and

5. The Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections

/////

---

[4] As noted, plaintiff has also moved for injunctive relief (ECF Nos. 9 & 18) and to compel discovery (ECF No. 10). Because this action must be dismissed for lack of subject matter jurisdiction, necessarily these motions must be denied. *See Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (A party must demonstrate a likelihood of success on the merits in support of the grant of preliminary injunctive relief). Given the absence of subject matter jurisdiction, plaintiff cannot demonstrate a likelihood of success on the merits.

within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 4, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE